■ DORIS TSAMOS et al., Appellants, v VOLMAR CONSTRUCTION COMPANY et al., Respondents. [647 NYS2d 833] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Feinberg, J.), dated July 27, 1995, which granted the defendants' respective motions for summary judgment and dismissed the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The injured plaintiff slipped and fell while near the elevators on the lower level of the Federal Courthouse Building on Cadman Plaza in Brooklyn. After she fell, she noticed a stream of water on the floor which went across the hall in front of the elevators where a man had just left, pulling an air-conditioner on a dolly. The injured plaintiff commenced this action against the company holding a contract for janitorial services in the building, and the general contractor then working on a project in a room near the elevators. After depositions were taken, the defendants each moved for summary judgment, and the Supreme Court granted the motions.

On appeal, the plaintiffs contend that the court erred in granting the defendants' motions, because it can be inferred that the source of the water on which the injured plaintiff slipped resulted from the defendants' acts of negligence. We disagree and affirm.

The plaintiffs have failed to raise any questions of fact as to any connection between the defendants and the accident. No proof has been offered that either defendant was responsible for the water on the floor which allegedly caused the injured plaintiff to slip and fall. Additionally, the plaintiffs have presented no proof of actual or constructive notice of this alleged defect on the part of the defendant responsible for janitorial services in the building at the time of the accident or on the part of the defendant general contractor (see, Piacquadio v Recine Realty Corp., 84 NY2d 967).

Accordingly, the Supreme Court properly dismissed the complaint. Sullivan, J. P., Pizzuto, Santucci and Hart, JJ., concur.