■ ALIZA HALALI et al., Plaintiffs, v VISTA ENVIRONMENTS, INC., et al., Defendants, BROKERS FACILITIES CORP. et al., Respondents, and SHAND MORAHAN & COMPANY, INC., Appellant. [666 NYS2d 196] —In an action to recover damages for personal injuries, etc., the additional defendant Shand Mora-

han & Company, Inc., appeals from an order of the Supreme Court, Kings County (Held, J.), dated October 22, 1996, which denied its motion to dismiss the cross claim asserted against it by the defendants Brokers Facilities Corp. and ECM/BFC Associates, Inc.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the cross claim of the defendants Brokers Facilities Corp. and ECM/BFC Associates, Inc., is dismissed insofar as asserted against the additional defendant Shand Morahan & Company, Inc.

Where an insurance agent's negligence causes an insured to be without coverage, the agent cannot be held liable to an injured third party as a consequence thereof (see, Pressman v Warwick Ins. Co., 213 AD2d 386, 387-388; Henry v Guastella & Assocs., 113 AD2d 435; Oathout v Johnson, 88 AD2d 1010).

In this case, the plaintiffs seek to hold the defendants Brokers Facilities Corp. and ECM/BFC Associates, Inc. (hereinafter the brokers) liable for negligently procuring insurance for the benefit of the alleged tortfeasors, Vista Environments, Inc., and Rubin Margules. The coverage the brokers procured for the alleged tortfeasors was allegedly inadequate and in violation of New York State law and public policy. The brokers interposed a cross claim for indemnification or contribution against the appellant, the underwriting manager for the insurance company from which the insurance policy was procured. Because the plaintiffs do not have a viable cause of action against the brokers, there is no basis for the brokers' cross claim against the appellant (see, 23 NY Jur 2d, Contribution, Indemnity, and Subrogation, §§ 63, 110). Rosenblatt, J. P., Altman, Florio and McGinity, JJ., concur.