■ PAWEL ZIAJKA et al., Respondents, v PACE PLUMBING CORP. et al., Appellants. (And a Third-Party Action.) [679 NYS2d 631] —In an action to recover damages for personal injuries, etc., the defendants Eugene Iovine, Inc., H & F Kornfeld, Inc., and Citnalta Construction Company separately appeal from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated July 11, 1997, as denied those branches of their respective motions which were for summary judgment dismissing the plaintiffs' causes of action based on Labor Law § 200 and common-law negligence insofar as asserted against them, and the defendant Pace Plumbing Corp. separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was to dismiss the plaintiffs' causes of action based on Labor Law § 200 and common-law negligence and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants ap-

pearing separately and filing separate briefs, those branches of the respective motions of the appellants Eugene Iovine, Inc., H & F Kornfeld, Inc., and Citnalta Construction Company which were to dismiss the plaintiffs' causes of action based on Labor Law § 200 and common-law negligence are granted, the complaint is dismissed in its entirety against those appellants, those branches of the motion of the defendant Pace Plumbing Corp. which were to dismiss the plaintiffs' causes of action based on Labor Law § 200 and common-law negligence and all cross claims asserted against it is granted, and the complaint and all cross claims are dismissed insofar as asserted against that appellant.

The injured plaintiff's claim that he was struck by a plank which fell off a scaffold owned by one of the appellant contractors is pure speculation. Other than the injured plaintiff's surmise, there is no evidence that he was hit by a plank, or, if so, that the offending board fell from a scaffold instead of from one of the catwalks which his employer, the New York City Health and Hospitals Corporation, maintained in the basement area where his accident occurred. The injured plaintiff never claimed to have seen such a scaffold and the appellant contractors all denied either working in the basement area where the plaintiff was injured, or having a scaffold there (*see, Bernstein v City of New York,* 69 NY2d 1020; *Tsamos v Volmar Constr. Co.,* 231 AD2d 709; *Vinicio v Marriott Corp.,* 217 AD2d 656; *Earle v Channel Home Ctr.,* 158 AD2d 507; *Felgenhauer v Atlantic & Pac. Tea Co.,* 94 AD2d 737). O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.