■ MICHAEL CARROLL et al., Appellants, v TIMKO CONTRACTING CORP., Defendant and Third-Party Plaintiff-Respondent. DAK ELECTRIC CONTRACTING CORP., Third-Party Defendant-Respondent. [694 NYS2d 744] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated July 9, 1998, as denied that branch of their motion which was for summary judgment on their cause of action pursuant to Labor Law § 240 (1), and granted that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action on the ground that the accident did not involve an elevation-related hazard.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

While the injured plaintiff was standing on level ground, hoisting a reel of wire up two steps onto a platform, a pipe slipped out of his hands and he fell. The instant accident does not come within the scope of hazards covered by Labor Law § 240 (1) (see, Melber v 6333 Main St., 91 NY2d 759; Rocovich v Consolidated Edison Co., 78 NY2d 509, 514; Rodriguez v Tietz Ctr. for Nursing Care, 84 NY2d 841). The injured plaintiff was not working at an elevated worksite, nor was he struck by an object positioned at a higher level. The mere fact that he was lifting a heavy object did not give rise to liability pursuant to Labor Law § 240 (1) (see, Narrow v Crane-Hogan Structural Sys., 202 AD2d 841). Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.