■ Louis Bailey, Appellant, v Lafayette Paper, L. P., et al., Respondents. (Action No. 1.) Louis Bailey, Appellant, v Black Clawson Company, Inc., Respondent. (Action No. 2.) [734 NYS2d 284] —Peters, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered November 20, 2000 in Warren County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaints.

Plaintiff was injured while moving a drill down a permanent fire escape staircase at a paper mill owned by defendant Lafayette Paper, L. P. At such time, he was employed by Northridge Group, Inc., a subcontractor of defendant Black Clawson Company, Inc., the general contractor.

Plaintiff commenced action No. 1 against, among others, Lafayette and Black Clawson alleging violations of Labor Law §§ 200, 240 and 241 (6). Plaintiff thereafter commenced action No. 2 against Black Clawson only, asserting causes of action identical to those in the aforementioned action; the two were consolidated for trial.* Black Clawson moved for summary judgment seeking the dismissal of both actions, prompting Lafayette to cross-move seeking dismissal of action No. 1. Supreme Court granted defendants' motions and plaintiff appeals.

The Court of Appeals recently enunciated in *Narducci v Manhasset Bay Assocs.* (96 NY2d 259) that: "Labor Law § 240 (1) applies to both 'falling worker' and 'falling object' cases. With respect to falling objects, Labor Law § 240 (1) applies where the falling of an object is related to 'a significant risk inherent in * * * the relative elevation * * * at which materials or loads must be positioned or secured' * * *. Thus, for section 240 (1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*id.*, at 267-268, quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [emphasis in original]). The specific devices contemplated by the statute for

* While plaintiff named "Black Clawson, Inc." as a defendant in action No. 1 and "Black Clawson Company, Inc." as a defendant in action No. 2, they appear to be the same party. The record does not explain why plaintiff brought two actions against the same defendant.

securing loads, which plaintiff contends should have been used here, include ropes, pulleys and irons (*see, Narducci v Manhasset Bay Assocs., supra*, at 268), as well as hoists, blocks, braces and stays (*see, Rocovich v Consolidated Edison Co., supra*, at 514). Such devices, he asserts, could have "shield[ed] [him] *from harm directly flowing from the application of the force of gravity to * * * [this] object*" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [emphasis in original]).

It is undisputed that plaintiff was working on the third floor of the mill using a core drill, weighing approximately 150 to 200 pounds, which was positioned on wheels and movable by a horizontal handle. On the day of the accident, the motor on the drill ceased, prompting plaintiff to advise the supervisor on his floor, not a Northridge employee, that he needed to contact his supervisor, Roger Charland, to replace the drill. According to plaintiff, Charland advised him to bring the drill down to the ground level so that it could be replaced; no instructions were given as to how to accomplish that task. The only means of access was by the outside permanent fire escape; there was no elevator and the two internal staircases were blocked.

Plaintiff unscrewed the drill from the floor, grabbed it by the handle and wheeled it toward the fire escape. Pushing the drill by its handle down the steps proved successful to descend one set of approximately 12 to 15 steps onto the next landing. Plaintiff testified that, as he proceeded down the second set of steps, the drill started to tip onto one wheel. With it beginning to pick up speed, plaintiff twisted his body in an effort to adjust the wheels back onto the step. When he perceived that he would not regain its control, he released it and watched it fall down the remaining two steps. Plaintiff immediately noticed a burning sensation in his back.

In our view, this accident does not fall within the parameters of Labor Law § 240 (1). Plaintiff was not injured by falling and does not claim that anything fell upon him; he simply twisted his back in an effort to regain control of the drill. Notably, plaintiff testified that he had independently moved drills such as this on other job sites and perceived the task to be a "one man job." With nothing in the record supporting the contention that a hoist or other specific device enumerated or contemplated by the statute was necessary for the lowering of this equipment, we cannot conclude that the facts present a situation where the extraordinary protections of Labor Law § 240 (1), which " 'extend only to a narrow class of special hazards, and do "not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity" ' " (*D'Egidio v*

*Frontier Ins. Co.*, 270 AD2d 763, 765, *lv denied* 95 NY2d 765, quoting *Nieves v Five Boro Air Conditioning & Refrig. Corp.*, 93 NY2d 914, 915-916, quoting *Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501 [emphasis in original]), should apply. Finding that the injury here was caused by " 'the usual and ordinary dangers of a construction site' and not the 'extraordinary elevation risks' covered by Labor Law § 240 (1)" (*Narducci v Manhasset Bay Assocs., supra*, at 267; *see, Schwab v A.J. Martini, Inc.*, 288 AD2d 654, 655-656), we affirm the dismissal of this cause of action. ·

As to the cause of action grounded upon an alleged violation of Labor Law § 200, "a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877), we find · that Supreme Court correctly determined that, with the agreement between Black Clawson and Northridge providing that Northridge was to provide all supervision to perform the scope of the work, coupled with plaintiff's testimony that on this occasion he followed only the orders of his supervisor, a Northridge employee, no evidence exists indicating that defendants directed or controlled plaintiff's work. For these reasons, the dismissal of this claim was proper (*see, id.*, at 877).

Finally, plaintiff indicates that he is not appealing the dismissal of the cause of action under Labor Law § 241 (6). Consequently, Supreme Court's order is, in all respects, affirmed.

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.