■ SALVATORE BOMMARITO et al., Respondents, v PARK AVENUE PLAZA COMPANY, Appellant, et al., Defendant. (And a Third-Party Action.) [763 NYS2d 472] —In an action to recover damages for personal injuries, etc., the defendant Park Avenue Plaza Company appeals from a judgment of the Supreme Court, Kings County (Held, J.), entered March 2, 2001, which, upon, inter alia, a jury verdict, and the denial of that branch of the appellant's motion pursuant to CPLR 4404 (a) which was for judgment as a matter of law, is in favor of the plaintiffs and against it in the principal sum of $360,000.

Ordered that the judgment is reversed, on the law, with costs, that branch of the appellant's motion pursuant to CPLR 4404 (a) which was for judgment as a matter of law is granted, and the complaint is dismissed.

A cause of action based on premises liability must establish that the alleged hazardous condition was created by the defendant or that the defendant had actual or constructive notice thereof (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Meyerson v Waldbaum, Inc.*, 265 AD2d 535 [1999]; *Hollinger v Chestnut Ridge Racquet Corp.*, 227 AD2d 380 [1996]; *Kraemer v K-Mart Corp.*, 226 AD2d 590 [1996]). Here, there was no proof that the defendant Park Avenue Plaza Company (hereinafter the defendant) the owner at the subject premises created the alleged hazardous condition, or had actual or constructive notice of the condition (*see Gordon v American Museum of Natural History, supra; Kraemer v K-Mart Corp., supra; Calabrese v B.P.O. Elks Lodge # 744*, 215 AD2d 345 [1995]; *cf. Gordon v Waldbaum, Inc.*, 231 AD2d 673 [1996]). Accordingly, the cause of action to recover damages based on premises liability should have been dismissed.

The plaintiffs' cause of action pursuant to Labor Law § 200 also should have been dismissed because there was no evidence that the defendant exercised supervisory control over the contractor's operations (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Jacobsen v Grossman*, 206 AD2d 405 [1994]).

The plaintiffs' cause of action pursuant to Labor Law § 241 (6) also should have been dismissed because there was no basis for the finding that the plaintiff Salvatore Bommarito slipped on a piece of construction debris (*see Krohn v Melanson*, 298 AD2d 510 [2002]; *Barretta v Trump Plaza Hotel & Casino*, 278 AD2d 262 [2002]; *Ziajka v Pace Plumbing Corp.*, 254 AD2d 480 [1998]; *Garvin v Rosenberg*, 204 AD2d 388 [1994]; *Earle v Channel Home Ctr.*, 158 AD2d 507 [1990]), and no evidence that the defendant had notice of a hazardous condition (*see Gordon v American Museum of Natural History, supra; McCague v Walsh Constr.*, 225 AD2d 530 [1996]).

In light of our determination, the defendant's remaining contention is academic. Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.