■ Vito Volpicelli, Respondent, v New York City Transit Authority et al., Appellants, et al., Defendant. [766 NYS2d 71] —In an action, inter alia, to recover damages for personal injuries, the defendants New York City Transit Authority, City of New York, and Laquila-Icos, J.V., appeal from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated May 21, 2002, as, upon renewal, adhered to its prior determination in an order dated April 18, 2001, denying that branch of their motion which was for summary judgment dismissing the plaintiff's cause of action pursuant to Labor Law § 240 (1).

Ordered that the order dated May 21, 2002, is reversed insofar as appealed from, on the law, with costs, and, upon renewal, that branch of the motion which was for summary judgment dismissing the plaintiff's cause of action pursuant to Labor Law § 240 (1) is granted, and so much of the order dated April 18, 2001, as denied that branch of the motion is vacated.

The plaintiff was injured when his hand was drawn into a

"pinchpoint" on a large crane by a cable he was holding onto to steady himself while working on a construction project. He commenced this action to recover damages for personal injuries, asserting causes of action, inter alia, pursuant to Labor Law § 240 (1). However, in opposition to the appellants' prima facie demonstration of entitlement to judgment as a matter of law with respect to that cause of action, the plaintiff failed to raise a triable issue of fact that his injuries arose from an elevation-related risk within the contemplation of the statute, rather than from the usual and ordinary dangers of a construction site (*see DiBenedetto v Port Auth. of N.Y. & N.J.,* 293 AD2d 399 [2002]; *see generally Melo v Consolidated Edison Co. of N.Y.,* 92 NY2d 909, 911-912 [1998]; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841, 843-844 [1994]; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514 [1991]). Thus, upon renewal, the Supreme Court should have vacated so much of its prior order as denied that branch of the appellants' motion which was for summary judgment dismissing the plaintiff's cause of action pursuant to Labor Law § 240 (1) and granted that branch of the motion. Ritter, J.P., Florio, S. Miller and Luciano, JJ., concur.