■ Joseph Aloi et al., Appellants, v Structure-Tone, Inc., et al., Respondents. (And a Third-Party Action.) [767 NYS2d 832]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated September 26, 2002, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff, Joseph Aloi, an iron worker, injured his back at a construction site while using a rope to lower a bucket containing 80 to 90 pounds of steel bolts. The injured plaintiff and his wife subsequently commenced this action against Structure-Tone, Inc., the general contractor of the construction project, and Starlex, LLC, the property owner, alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6), and common-law negligence. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We affirm.

Contrary to the plaintiffs' contention, the Supreme Court properly concluded that the accident did not fall within the scope of hazards covered by Labor Law § 240 (1). This statute requires contractors and owners to provide workers with appropriate safety devices to protect against "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]). However, "[t]he protections of Labor Law § 240 (1) are not implicated simply because the injury is caused by the effects of gravity upon an object" (*Melo v Consolidated Edison*

*Co. of N.Y.,* 92 NY2d 909, 911 [1998]; *see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 501). Here, while the injured plaintiff's back injury was tangentially related to the effects of gravity upon the bucket of steel bolts he was lowering, it was not caused by the limited type of elevation-related hazards encompassed by Labor Law § 240 (1) (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra; Hasty v Solvay Mill Ltd. Partnership,* 306 AD2d 892 [2003]; *Bailey v Lafayette Paper,* 289 AD2d 645 [2001]; *Schwab v A. J. Martini, Inc.,* 288 AD2d 654 [2001]; *Carroll v Timko Contr. Corp.,* 264 AD2d 706 [1999]).

Furthermore, the Supreme Court properly dismissed the Labor Law § 241 (6) cause of action, which was predicated upon alleged violations of subpart 23-6 of the Industrial Code (12 NYCRR). The regulations upon which the plaintiffs relied specify the required features of "hoisting machine[s]" (12 NYCRR 23-6.1 [j]), and design requirements for "bucket hoists" (12 NYCRR 23-6.3 [a]), and hoistways (*see* 12 NYCRR 23-6.3 [j]). However, these regulations do not apply because the injured plaintiff was not using any type of mechanical hoisting device to lower the bolts (*see Toefer v Long Is. R.R.,* 308 AD2d 579 [2003]; *Hasty v Solvay Mill Ltd., supra; Smith v Homart Dev. Co.,* 237 AD2d 77, 80 [1997]).

Finally, the Labor Law § 200 and common-law negligence causes of action were properly dismissed because there was no evidence that the defendants supervised or controlled the injured plaintiff's work (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876 [1993]; *Toefer v Long Is. R.R., supra; Bommarito v Park Ave. Plaza Co.,* 307 AD2d 944 [2003]). Although the defendant Structure-Tone, Inc., had general supervisory duties with respect to the construction project, its responsibilities did not rise to the level necessary to impose liability under Labor Law § 200 (*see Singleton v Citnalta Constr. Corp.,* 291 AD2d 393 [2002]; *Hoelle v New York Equities Co.,* 258 AD2d 253 [1999]; *Martin v Paisner,* 253 AD2d 798 [1998]). Krausman, J.P., McGinity, Cozier and Rivera, JJ., concur.