■ ANDRZEJ ZDUNCZYK, Appellant, v RAYMOND GINTHER, Defendant, and 1326 APARTMENTS CORP., Respondent. (And Third-Party Actions.) [792 NYS2d 496]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (M. Garson, J.), dated May 22, 2003, as reserved decision on those branches of the motion of the defendant 1326 Apartments Corp., which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it, and (2) an order of the same court dated June 17, 2003, as granted those branches of the motion of the defendant 1326 Apartments Corp., which were for summary judgment dismissing those causes of action insofar as asserted against it.

Ordered that the appeal from so much of the order dated May 22, 2003, as reserved decision on those branches of the motion of the defendant 1326 Apartments Corp., which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it is dismissed, as no appeal lies as of right from that portion of the order (see Katz v Katz, 68 AD2d 536 [1979]) and, in any event, that portion of the order was superseded by the order dated June 17, 2003; and it is further,

Ordered that the order dated June 17, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff allegedly sustained injuries to his hand when, while assisting a coworker in lowering a bucket of construction debris, the coworker suddenly released the rope to which the bucket was attached. The defendant 1326 Apartments Corp. (hereinafter the defendant) made a prima facie showing of entitlement to judgment as a matter of law dismissing the plaintiff's cause of action alleging violation of Labor Law § 240

(1) by demonstrating that the plaintiff's injury, while "tangentially related to the effects of gravity upon the bucket . . . he was lowering, . . . was not caused by the limited type of elevation-related hazards encompassed by Labor Law § 240 (1)" (*Aloi v Structure-Tone, Inc.*, 2 AD3d 375, 376 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact that his injury arose from an elevation-related risk within the contemplation of the statute, rather than from the usual and ordinary dangers of a construction site (*see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995]; *Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843 [1994]; *Volpicelli v New York City Tr. Auth.*, 309 AD2d 858, 859 [2003]). The fact that the force of gravity was involved is not enough, by itself, to support the plaintiff's claim (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 270 [2001]; *Melo v Consolidated Edison Co. of N.Y.*, 92 NY2d 909, 911 [1998]).

The defendant also made a prima facie showing of entitlement to judgment as a matter of law dismissing the plaintiff's cause alleging violation of Labor Law § 241 (6), which was predicated upon alleged violations of the Industrial Code. The defendant demonstrated that the provisions relied on by the plaintiff, 12 NYCRR 23-3.3 (e) and 12 NYCRR 23-6.1 (h), did not apply to the facts on which the plaintiff's claim was based (*see Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact regarding the applicability of those sections of the Industrial Code. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.