■ JAMES J. LAZIER, Respondent, v STRICKLAND AVENUE CORP., Defendant and Third-Party Plaintiff-Respondent, and 6085 STRICKLAND ASSOCIATES CORP., Defendant and Third-Party Plaintiff-Respondent-Appellant. STYLES STEEL ERECTING & STEEL FABRICATIONS, Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendant. [856 NYS2d 156]—

In an action to recover damages for personal injuries, the third-party defendant Styles Steel Erecting & Steel Fabrications appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated December 13, 2006, as granted that branch of the motion of the defendants third-party plaintiffs, Strickland Avenue Corp. and 6085 Strickland Associates Corp. which was pursuant to CPLR 4404 to set aside so much of a jury verdict as found 6085 Strickland Associates Corp. 70% at fault in the happening of the accident, (2) so much of an order of the same court also dated December 13, 2006, as denied those branches of its motion which were pursuant to CPLR 4404 to set aside so much of the jury verdict as found it 30% at fault in the happening of the accident, and pursuant to CPLR 3101 to strike the testimony of the expert witness of the defendants third-party plaintiffs, and (3) so much of an order of the same court dated January 23, 2007, as upon reargument, adhered to the determinations in the orders dated December 13, 2006, and the defendant third-party plaintiff 6085 Strickland Associates Corp. cross-appeals from the first order dated December 13, 2006.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the appeals from the orders dated December 13, 2006 are dismissed, as those orders were superseded by the order dated January 23, 2007, and it is further,

Ordered that the order dated January 23, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted that branch of the motion of the defendants third-party plaintiffs, Strickland Avenue Corp. and 6085 Strickland Associates Corp. (hereinafter collectively Strickland), which was pursuant to CPLR 4404 to set aside so much of a verdict as found 6085 Strickland Associates Corp. (hereinafter 6085), the owner of the premises, 70% at fault in the happening of the subject accident. For a court to conclude, as a matter of law, that a jury's verdict is not supported by sufficient evidence, it must determine that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [jurors] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). In deciding whether the jury's verdict in favor of the plaintiff was or was not supported by sufficient evidence as a matter of law, the evidence must be viewed in the light most favorable to the plaintiff, who must be accorded the benefit of every favorable inference which can reasonably be drawn (*see O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431 [1981]).

Where, as here, a plaintiff's injuries arise from the manner in which the work was performed, an owner may be held liable in common-law negligence and under Labor Law § 200 if it had the authority to exercise supervision or control over the work (*see Lombardi v Stout,* 80 NY2d 290, 295 [1992]; *Capolino v Judlau Contr., Inc.,* 46 AD3d 733 [2007]; *Aloi v Structure-Tone, Inc.,* 2 AD3d 375, 376 [2003]). Thus, in order to establish its entitlement to judgment as a matter of law notwithstanding the verdict in this case, 6085 was required to demonstrate that there was no valid line of reasoning by which the jury could have concluded that it had the authority to supervise or control the work (*see Lombardi v Stout,* 80 NY2d 290, 295 [1992]; *Capolino v Judlau Contr., Inc.,* 46 AD3d 733 [2007]; *Aloi v Structure-Tone, Inc.,* 2 AD3d 375, 376 [2003]). Since the record contains no evidence that 6085 had such authority, the court properly granted its motion.

The Supreme Court correctly denied that branch of the motion of the third-party defendant Styles Steel Erecting & Steel Fabrications (hereinafter Styles Steel), which was to strike the testimony of Strickland's expert. The Supreme Court has the discretion to allow an expert to testify even where the appropriate notice is not given pursuant to CPLR 3101 (d) (*see Gardiner*

*v Wertheimer,* 256 AD2d 381 [1998]). Since there was no proof that Strickland intentionally or wilfully failed to provide disclosure, and Styles Steel was aware that Strickland intended to call such a witness, it was a provident exercise of discretion for the trial court to allow such expert testimony (*see Manes v Manes,* 277 AD2d 359, 361-362 [2000]).

The Supreme Court also properly denied that branch of the motion of Styles Steel which was pursuant to CPLR 4404 to set aside so much of the jury verdict as found it 30% at fault in the happening of the accident. There was a valid line of reasoning from which the jury could have concluded that the plaintiff suffered a "grave injury" within the meaning of Workers' Compensation Law § 11 (*see Rubeis v Aqua Club, Inc.,* 3 NY3d 408 [2004]). Moreover, contrary to the contention of Styles Steel, the jury charge on this issue was not ambiguous (*see generally Gannon Personnel Agency v City of New York,* 55 AD2d 548, 549 [1976]).

The remaining contention of Styles Steel is without merit. Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.