In an action to recover damages for personal injuries, the defendants City of New York, New York School Construction Authority, and United States Rebar appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated February 28, 2007, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is modified, on the law, by deleting the *523 provision thereof denying that branch of the appellants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants City of New York and New York School Construction Authority, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff worked as a laborer for the construction of a new school on premises allegedly owned by the defendants City of New York (hereinafter the City) and New York School Construction Authority (hereinafter SCA). He was employed by a nonparty contractor which was performing foundation and floor construction for the project. To construct the floors, concrete was poured onto wire mesh sheets which were laid out on a steel deck and tied to the deck or to other wire mesh sheets with wire ties. Allegedly, the defendant United States Rebar (hereinafter Rebar) was retained to install the wire mesh sheets.
On the day of his accident, the plaintiff was moving concrete hoses to different locations on the second floor as concrete was being poured. This task required him to walk on the wire mesh sheets which had been laid out on the deck. According to the plaintiff, he sustained injuries when his foot became caught between two wire mesh sheets which had been placed onto the deck but had not been tied down.
The plaintiff commenced this action against, among others, the City, SCA, and Rebar (hereinafter collectively the appellants), proceeding solely on a theory of common-law negligence. The appellants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court denied their motion. We modify.
The Supreme Court should have granted those branches of the appellants’ motion which were for summary judgment dismissing the complaint insofar as asserted against the City and SCA. To hold an owner liable under the common law for injuries arising from the manner in which work is performed at a work site, an owner must have had the authority to supervise or control the work performed at the site (see Ortega v Puccia, 57 AD3d 54 [2008]; Lazier v Strickland Ave. Corp., 50 AD3d 641, 642 [2008]). In support of their motion, the appellants made a prima facie showing that the plaintiff’s injuries arose from the manner in which work was being performed at the site and that the City and SCA did not have the authority to supervise or control the work being performed when the plaintiff was injured (see Lazier v Strickland Ave. Corp., 50 AD3d at 642; Vieira v Tishman Constr. Corp., *524 255 AD2d 235, 236 [1998]). The plaintiff failed to raise a triable issue of fact in response to those showings (see generally Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]). Accordingly, the City and SCA, the alleged owners of the premises, were entitled to summary judgment dismissing the complaint insofar as asserted against them.
However, the Supreme Court properly denied that branch of the appellants’ motion which was for summary judgment dismissing the complaint insofar as asserted against Rebar. The appellants failed to demonstrate Rebar’s entitlement to judgment as a matter of law by establishing that its employees did not create an unreasonable risk of harm that was a proximate cause of the plaintiffs injuries (see Farrington v Bovis Lend Lease LMB, Inc., 51 AD3d 624, 626 [2008]; Ragone v Spring Scaffolding, Inc., 46 AD3d 652, 654-655 [2007]; Marano v Commander Elec., Inc., 12 AD3d 571, 572-573 [2004]). Thus, we need not consider the plaintiffs opposition.
The appellants’ remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination. Rivera, J.E, Miller, Angiolillo and Chambers, JJ., concur.