■ Jose Cardenas, Appellant, v BBM Construction Corp., Respondent, et al., Defendants. (And Third-Party Actions.) [20 NYS3d 103]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an

order of the Supreme Court, Kings County (Vaughan, J.), dated January 23, 2014, as granted those branches of the motion of the defendant BBM Construction Corp. which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and denied his cross motion for summary judgment on the issue of liability on those causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant BBM Construction Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff allegedly was injured while installing a 500-pound beam into the wall of a house. The plaintiff and his coworkers used a hoist to lift the beam 14 to 15 feet onto a scaffold upon which the plaintiff was standing. The hoist was then removed from the beam, and one end of the beam was temporarily connected to the wall of the house, while the other end of the beam remained on top of the scaffold. The plaintiff took the end of the beam that was resting on top of the scaffold and manually lifted it about 1.5 feet to connect it to the wall of the house. The plaintiff alleges that he suffered a back injury while lifting the beam.

The plaintiff thereafter commenced this action against BBM Construction Corp. (hereinafter BBM Construction), the general contractor of the construction project, among others, alleging, inter alia, violations of Labor Law §§ 240 (1) and 241 (6). BBM Construction moved, inter alia, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and the plaintiff cross-moved for summary judgment on the issue of liability on those causes of action. The Supreme Court granted BBM Construction's motion and denied the plaintiff's cross motion.

"[T]he extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity' " (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 915-916 [1999], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993] [emphasis omitted]). Rather, the statute was designed to prevent accidents in which a protective device, " 'proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object

or person' " (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993] [emphasis omitted]).

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of BBM Construction's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). BBM Construction established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's injury was not caused by the elevation-related hazards encompassed by Labor Law § 240 (1) (*see Carr v McHugh Painting Co., Inc.*, 126 AD3d 1440, 1442-1443 [2015]; *Aloi v Structure-Tone, Inc.*, 2 AD3d 375 [2003]; *Carroll v Timko Contr. Corp.*, 264 AD2d 706 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether his injury arose from an elevation-related risk contemplated by the statute, rather than from the usual and ordinary dangers of the construction site (*see Zdunczyk v Ginther*, 15 AD3d 574 [2005]). The fact that the plaintiff was injured while lifting a heavy object does not give rise to liability pursuant to Labor Law § 240 (1) (*see Carroll v Timko Contr. Corp.*, 264 AD2d at 706).

For the same reasons that the Supreme Court properly granted that branch of BBM Construction's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action.

However, the Supreme Court erred in granting that branch of BBM Construction's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), which was predicated on an alleged violation of 12 NYCRR 23-2.3 (a). This section of the Industrial Code provides that during the final placing of structural steel members, loads shall not be released from hoisting ropes until the members are securely fastened (*see* 12 NYCRR 23-2.3 [a]). BBM Construction failed to demonstrate, prima facie, that this section was factually inapplicable to this case, that the section was applicable but not violated, or that the alleged violation of that section was not a proximate cause of the plaintiff's injuries (*see Treu v Cappelletti*, 71 AD3d 994, 998 [2010]; *Osorio v Kenart Realty, Inc.*, 35 AD3d 561, 562-563 [2006]). Accordingly, that branch of BBM Construction's motion should have been denied regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Finally, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6). The plaintiff's submissions failed to eliminate all triable issues of fact as to whether 12 NYCRR 23-2.3 (a) was violated and whether the alleged violation was a proximate cause of the plaintiff's injuries (*see Riffo-Velozo v Village of Scarsdale*, 68 AD3d 839, 842 [2009]; *Ascencio v Briarcrest at Macy Manor, LLC*, 60 AD3d 606, 607 [2009]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 684 [2005]). Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.