Sullivan v New York Athletic Club of City of N.Y. (2018 NY Slip Op 04591)





Sullivan v New York Athletic Club of City of N.Y.


2018 NY Slip Op 04591


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-07473
 (Index No. 702984/12)

[*1]John Sullivan, respondent-appellant, 
v
New York Athletic Club of City of New York, defendant, Talisen Construction Corporation, appellant-respondent. (and a third-party action)


Baker Greenspan & Bernstein, Bellmore, NY (Robert L. Bernstein, Jr., of counsel), for appellant-respondent.
Weiss & Rosenbloom, P.C., New York, NY (Barry D. Weiss of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Talisen Construction Corporation appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered June 23, 2016. The order, insofar as appealed from, denied those branches of the motion of the defendant Talisen Construction Corporation which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it and the cross claims for contractual indemnification and contribution asserted against it by the defendant New York Athletic Club of City of New York. The order, insofar as cross-appealed from, granted that branch of the motion of the defendant Talisen Construction Corporation which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendant Talisen Construction Corporation which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it and the cross claims for contractual indemnification and contribution asserted against it by the defendant New York Athletic Club of City of New York are granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Talisen Construction Corporation, payable by the plaintiff.
The defendant New York Athletic Club of City of New York (hereinafter NYAC) hired the defendant Talisen Construction Corporation (hereinafter Talisen) as a general contractor to renovate a bathroom on NYAC's premises. As part of the contract, Talisen agreed to indemnify NYAC "[t]o the fullest extent permitted by law," including the payment of legal fees and costs arising from defending an action in connection with the work to be performed. In turn, Talisen hired [*2]the plaintiff's employer, Premier Woodcraft, Ltd. (hereinafter Premier), as a subcontractor for the bathroom renovation.
As part of their work in renovating the bathroom, the plaintiff and a coworker were carrying a heavy beam on their shoulders from their truck located outside of the premises to the bathroom. The beam had to be brought into the building through the front entrance and then down a set of steps. The plaintiff felt his "knee go forward" as he neared the bottom of the steps with the beam on his shoulder, and he subsequently dropped the beam and fell to the floor. The plaintiff sustained a left knee quadriceps tendon rupture, which his medical expert opined was caused by "the excessive load of the steel beam he was carrying on his body coupled with the activity of descending stairs."
The plaintiff commenced this action against Talisen and NYAC, alleging violations of Labor Law §§ 200, 240(1) and 241(6), and common-law negligence. NYAC, inter alia, cross-claimed against Talisen for contractual indemnification and contribution.
Talisen moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court, inter alia, granted those branches of Talisen's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. The Supreme Court, however, denied those branches of Talisen's motion which were for summary judgment dismissing the Labor Law § 240(1) cause of action and NYAC's cross claims for contractual indemnification and contribution. Talisen appeals and the plaintiff cross-appeals.
"The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [emphasis omitted]). Rather, the statute was designed to prevent accidents in which a protective device " proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501 [emphasis omitted]).
Here, Talisen established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's injury was not caused by an elevation-related hazard encompassed by Labor Law § 240(1) (see Cardenas v BBM Constr. Corp., 133 AD3d 626, 627-628; Carrera v Westchester Triangle Hous. Dev. Fund Corp., 116 AD3d 585; Carroll v Timko Contr. Corp., 264 AD2d at 706; cf. Dirschneider v Rolex Realty Co. LLC, 157 AD3d 538, 539-540 [injury arose when worker lost control of object's descent]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether his injury arose from an elevation-related risk contemplated by the statute rather than from the usual and ordinary dangers of the construction site (see Cardenas v BBM Constr. Corp., 133 AD3d 626; Rau v Bagels N Brunch, Inc., 57 AD3d 866, 867). The mere fact that the plaintiff was injured while lifting a heavy object does not give rise to liability pursuant to Labor Law § 240(1) (see Cardenas v BBM Constr. Corp., 133 AD3d 626; Carroll v Timko Contr. Corp., 264 AD2d at 706; cf. Dirschneider v Rolex Realty Co. LLC, 157 AD3d 538). Likewise, no liability attaches under Labor Law § 240(1) with regard to the plaintiff's act of descending a permanent stairway (see Gallagher v Andron Constr. Corp., 21 AD3d 988, 989; Parsuram v I.T.C. Bargain Stores, Inc., 16 AD3d 471, 472). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted that branch of Talisen's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it.
Labor Law § 200 codifies the common-law duty imposed on an owner or a general contractor to provide construction site workers with a safe place to work (see Niewojt v Nikko Constr. Corp., 139 AD3d 1024, 1025; LaRosa v Internap Network Servs. Corp., 83 AD3d 905, 908-909). Where a plaintiff's claims implicate the means and methods of the work, an owner or a contractor will not be held liable under Labor Law § 200 unless it had the authority to supervise or [*3]control the performance of the work. General supervisory authority to oversee the progress of the work is insufficient to impose liability (see LaRosa v Internap Network Servs. Corp., 83 AD3d at 909; see also Ross v Cirtos-Palmer Hydro-Elec. Co., 81 NY2d at 505). " A defendant has the authority to control the work for the purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed'" (Erickson v Cross Ready Mix, Inc., 75 AD3d 519, 522, quoting Cambizaca v New York City Tr. Auth., 57 AD3d 701, 702; see Ortega v Puccia, 57 AD3d 54). If the challenged means and methods of the work are those of a subcontractor, and the owner or contractor exercises no supervisory control over the work, no liability attaches under Labor Law § 200 or the common law (see LaRosa v Internap Network Servs. Corp., 83 AD3d at 909; see also Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505).
In this case, Talisen met its prima facie burden of demonstrating a lack of sufficient supervisory control over the plaintiff's work to subject it to liability under either Labor Law § 200 or common-law negligence. In support of its motion, Talisen presented the deposition testimony of its project superintendent as well as the owner of Premier showing that decisions regarding the means and methods for carrying the beam were the responsibility of Premier. In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, we agree with the Supreme Court's granting of those branches of Talisen's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
Further, the Supreme Court should have granted that branch of Talisen's motion which was for summary judgment dismissing NYAC's cross claims for contractual indemnification and contribution asserted against it. Talisen demonstrated, prima facie, that the underlying causes of action insofar as asserted by the plaintiff against it were without merit (see Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500; Halali v Vista Envts., Inc., 245 AD2d 422), and NYAC did not oppose Talisen's motion.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court