Sullivan v New York Athletic Club of City of N.Y. (2018 NY Slip Op 04590)





Sullivan v New York Athletic Club of City of N.Y.


2018 NY Slip Op 04590


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-00658
 (Index No. 702984/12)

[*1]John Sullivan, plaintiff-respondent-appellant, 
v
New York Athletic Club of City of New York, defendant third-party plaintiff-respondent, Talisen Construction Corporation, defendant-respondent-appellant; Premier Woodcraft, Ltd., third-party defendant-appellant- respondent.


Andrea G. Sawyers, Melville, NY (Dominic P. Zafonte of counsel), for third-party defendant-appellant-respondent.
Weiss & Rosenbloom, P.C., New York, NY (Barry D. Weiss of counsel), for plaintiff-respondent-appellant.
Baker Greenspan & Bernstein, Bellmore, NY (Robert L. Bernstein, Jr., of counsel), for defendant-respondent-appellant.
Litchfield Cavo, LLP, New York, NY (Edward M. Fogarty, Jr., of counsel), for defendant third-party plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals, and the plaintiff and the defendant Talisen Construction Corporation separately cross-appeal, from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered January 11, 2016. The order, insofar as appealed from, denied those branches of the third-party defendant's motion which were for summary judgment dismissing (1) the cause of action alleging a violation of Labor Law § 240(1), (2) the third-party causes of action for contractual indemnification and alleging breach of an agreement to procure insurance, and (3) the cross claims seeking contractual indemnification and alleging breach of an agreement to procure insurance asserted against it by the defendant Talisen Construction Corporation. The order, insofar as cross-appealed from by the plaintiff, denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The order, insofar as cross-appealed from by the defendant Talisen Construction Corporation, denied that defendant's cross motion for summary judgment on its cross claim for contractual indemnification against the third-party defendant.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the third-party defendant's motion which were for summary judgment dismissing (a) the cause of action alleging a violation of Labor Law § 240(1) and (b) the third-party cause of action and the cross claim for contractual indemnification, except insofar as they seek costs and expenses related to defending the action, and substituting therefor a provision granting those branches of the third-party defendant's motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendant Talisen Construction Corporation which was for summary judgment on so much of its cross claim for contractual indemnification as sought costs and [*2]expenses related to defending the action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The defendant New York Athletic Club of City of New York (hereinafter NYAC) hired the defendant Talisen Construction Corporation (hereinafter Talisen) as a general contractor to renovate a bathroom on NYAC's premises. In turn, Talisen hired the plaintiff's employer, the third-party defendant, Premier Woodcraft, Ltd. (hereinafter Premier), as a subcontractor for the bathroom renovation. Talisen agreed to indemnify NYAC, and Premier agreed to indemnify both Talisen and NYAC "[t]o the fullest extent permitted by law," including the payment of legal fees and costs arising from defending an action in connection with the work to be performed. Premier also agreed to purchase and maintain insurance that included Talisen and NYAC as additional insureds. Premier obtained insurance, which included a blanket additional insured contractors endorsement that amended the entities to be insured "to include any person or organization that [it] agree[d] in a written contract requiring insurance' to include as an additional insured," but which did not name any specific entity.
As part of their work in renovating the bathroom, the plaintiff and a coworker were carrying a heavy beam on their shoulders from their truck located outside of the premises to the bathroom. The beam had to be brought into the building through the front entrance and then down a set of steps. The plaintiff felt his "knee go forward" as he neared the bottom of the steps with the beam on his shoulder, and he subsequently dropped the beam and fell to the floor. The plaintiff sustained a left knee quadriceps tendon rupture, which his medical expert opined was caused by "the excessive load of the steel beam he was carrying on his body coupled with the activity of descending stairs."
The plaintiff commenced this action against Talisen and NYAC, alleging violations of Labor Law §§ 200, 240(1), and 241(6) and common-law negligence. NYAC commenced a third-party action against Premier, and Talisen cross-claimed against Premier, for common-law and contractual indemnification and contribution, and alleging breach of the agreements to procure insurance.
Premier moved for summary judgment dismissing, among other things, the Labor Law § 240(1) cause of action and the third-party causes of action and cross claims for contractual indemnification and alleging breach of the agreements to procure insurance. Talisen cross-moved for summary judgment on its cross claim for contractual indemnification against Premier. Additionally, the plaintiff cross-moved for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240(1). The Supreme Court denied summary judgment to the various parties insofar as it found that there were triable issues of fact regarding the alleged violation of Labor Law § 240(1) and the causes of action sounding in contractual indemnification and breach of the agreements to procure insurance. Premier appeals, and the plaintiff and Talisen separately cross-appeal.
"The extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [emphasis omitted]). Rather, the statute was designed to prevent accidents in which a protective device " proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501 [emphasis omitted]).
Here, in support of his cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), the plaintiff did not establish his prima facie entitlement to judgment as a matter of law, since he failed to demonstrate that his injury was caused by an elevation-related hazard encompassed by Labor Law § 240(1). The plaintiff's evidence demonstrated that the cause of his injury was the weight of the beam he was carrying. The mere fact that the plaintiff was injured by the weight of a heavy object being lifted or carried does not give rise to liability pursuant to Labor Law § 240(1) (see Cardenas v BBM Constr. Corp., 133 AD3d 626, 627-628; Carrera v Westchester Triangle Hous. Dev. Fund Corp., 116 AD3d 585; [*3]Carroll v Timko Contr. Corp., 264 AD2d 706, 706; cf. Dirschneider v Rolex Realty Co. LLC, 157 AD3d 538, 539-540 [injury arose when worker lost control of object's descent]). Likewise, there is no liability arising from the plaintiff's act of descending the stairs. "Where a fall occurs from a permanent stairway, no liability pursuant to Labor Law § 240(1) can attach" (Gallagher v Andron Constr. Corp., 21 AD3d 988, 989; see Parsuram v I.T.C. Bargain Stores, Inc., 16 AD3d 471, 472). The Court of Appeals has "repeatedly held, implicitly and explicitly, that it is not enough that a plaintiff's injury flowed directly from the application of the force of gravity to an object or person, even where a device specified by the statute might have prevented the accident" (Oakes v Wal-Mart Real Estate Bus. Trust, 99 AD3d 31, 36). Accordingly, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
Premier established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action through evidence that the plaintiff was injured by the weight of the beam as opposed to an elevation-related risk (see Cardenas v BBM Constr. Corp., 133 AD3d at 627-628; Carrera v Westchester Triangle Hous. Dev. Fund Corp., 116 AD3d 585; Carroll v Timko Contr. Corp., 264 AD2d at 706; cf. Dirschneider v Rolex Realty Co. LLC, 157 AD3d 538). In opposition, the plaintiff failed to raise a triable issue of fact regarding that cause of action. Therefore, the Supreme Court should have granted that branch of Premier's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action.
With respect to the third-party causes of action and the cross claims, Premier agreed to indemnify Talisen and NYAC "[t]o the fullest extent permitted by law," including the payment of legal fees and costs arising from defending an action in connection with the work performed by Premier. Thus, Talisen established, prima facie, that it is entitled to recover its defense costs from Premier under the clear and unequivocal terms of the parties' contract (see Roldan v New York Univ., 81 AD3d 625, 628). In opposition to that showing, Premier failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Talisen's motion which was for summary judgment on so much of its cross claim for contractual indemnification as sought costs and expenses related to defending the action.
However, Premier established that the plaintiff's underlying Labor Law §§ 240(1) and 241(6) causes of action were without merit, leaving only the plaintiff's negligence causes of action against Talisen remaining. Since Talisen cannot seek contractual indemnification for its own negligence (see Rodriguez v Flushing Town Ctr. III, L.P., 133 AD3d 647, 647), the Supreme Court should have granted that branch of Premier's motion which was for summary judgment dismissing the third-party cause of action and cross claim for contractual indemnification asserted against it, except insofar as those causes of action sought defense costs (see Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500; Halali v Vista Envts., 245 AD2d 422).
The contract between Talisen and Premier further provided that Premier would purchase and maintain insurance that would include Talisen and NYAC as additional insureds. Premier did obtain insurance, which included a "blanket additional insured (contractors) endorsement." Although that endorsement amended the general insurance policy "to include any person or organization that [Premier] agree[d] in a written contract requiring insurance' to include as an additional insured," Talisen's counsel averred in a supporting affidavit that Premier's insurance company has not assumed Talisen's defense. Therefore, neither party met its prima facie burden of establishing entitlement to judgment as a matter of law on Talisen's cause of action alleging breach of the agreements to procure insurance (see Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 755-756). Thus, the Supreme Court properly denied those branches of those parties' respective motions which were for summary judgment on the cause of action alleging breach of the agreements to procure insurance, regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, NYAC's request for affirmative relief has been rendered academic.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court