Clark v FC Yonkers Assoc., LLC (2019 NY Slip Op 03948)





Clark v FC Yonkers Assoc., LLC


2019 NY Slip Op 03948


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-12846
2018-13676
 (Index No. 501496/14)

[*1]Jonathan Clark, et al., appellants, 
v
FC Yonkers Associates, LLC, respondents, et al., defendants.


Tomkiel & Tomkiel, Scarsdale, NY (Matthew Tomkiel of counsel), for appellants.
O'Connor, O'Connor, Hintz & Deveney, LLP, Melville, NY (Eileen M. Baumgartner of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated September 22, 2016, and (2) a judgment of the same court entered November 2, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendants FC Yonkers Associates, LLC, Forest City Ratner, Whiting-Turner, and Recreation Equipment, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) insofar as asserted against them. The judgment, insofar as appealed from, upon the order, is in favor of those defendants and against the plaintiffs dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) insofar as asserted against those defendants.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants FC Yonkers Associates, LLC, Forest City Ratner, Whiting-Turner, and Recreation Equipment, Inc.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff Jonathan Clark (hereinafter the plaintiff) was a construction supervisor employed by IBEX Construction Company, LLC, a general contractor hired for the "fit[ting]-out" of a retail space in a shopping center under construction. The plaintiff allegedly was injured when he suffered a herniation in his neck as he attempted to throw a hose onto an area located 15 to 20 feet above him to provide a water supply required for the fireproofing of the retail space. The plaintiff, and his wife suing derivatively, commenced this action against, among others, the defendants FC Yonkers Associates, LLC, Forest City Ratner, Whiting-Turner, and Recreation Equipment, Inc. [*2](hereinafter collectively the defendants), asserting, inter alia, causes of action alleging violations of Labor Law §§ 200 and 240(1). The defendants moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) insofar as asserted against them. The Supreme Court granted those branches of the defendants' motion, and a judgment was entered accordingly, inter alia, dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) insofar as asserted against the defendants. The plaintiffs appeal.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 200 by demonstrating that the accident at issue was the result of the means and methods of the plaintiff's work, that the plaintiff's work was directed and controlled by his employer, and that the defendants had no authority to exercise control over his work (see Kusayev v Sussex Apts. Assoc. LLC, 163 AD3d 943; Messina v City of New York, 147 AD3d 748). In opposition, the plaintiffs failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr, 64 NY2d 851; Zuckerman v City of New York, 49 NY2d 557). Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against them.
Labor Law § 240(1) imposes strict liability on building owners and contractors for failure to provide proper protection against elevation-related hazards (see Runner v New York Stock Exhange, 13 NY3d 599, 603). At the time that the plaintiff was injured, he was standing on the ground level, moving a 100-pound hose. Although the accident tangentially involved elevation, it was not caused by any elevation-related risk contemplated by the statute (see Rodriguez v Margaret Tietz Ctr. for Nursing Care, 84 NY2d 841; Parker v Ariel Assoc. Corp, 19 AD3d 670; Zduncyk v Ginther, 15 AD3d 574). Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court