■ Denise Harvey, Respondent, v Morse Diesel Interna-
tional, Inc., et al., Appellants. [750 NYS2d 117] —In an action to

recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated October 5, 2001, as denied those branches of their motion which were for summary judgment dismissing the plaintiff's causes of action to recover damages for common-law negligence, pursuant to Labor Law § 200, and pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (e) (2).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's causes of action to recover damages for common-law negligence, pursuant to Labor Law § 200, and pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (e) (2), are granted, and the complaint is dismissed in its entirety.

The plaintiff, an electrician, tripped on a six-inch piece of electrical cable which was on the floor below the ladder she was descending. The accident occurred at a construction site where the defendant Morse Diesel International, Inc., was the construction manager for the owner of the site, the defendant Mount Sinai Hospital.

The plaintiff commenced this action to recover damages for common-law negligence and pursuant to Labor Law §§ 200, 240 (1) and § 241 (6) based on alleged violations of 12 NYCRR 23-1.7 (e) (2) and 12 NYCRR 23-1.21. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted those branches of the defendants' motion which were to dismiss the plaintiff's causes of action under Labor Law § 240 (1) and § 241 (6) alleging violations of 12 NYCRR 23-1.21. The Supreme Court denied those branches of the defendants' motion which were to dismiss the plaintiff's causes of action to recover damages for common-law negligence, pursuant to Labor Law § 200, and pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (e) (2). We reverse the order insofar as appealed from and dismiss the complaint in its entirety.

The Supreme Court improperly denied the defendants' motion with respect to the plaintiff's cause of action pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (e) (2). This regulation requires working areas, such as a floor, to be kept clear of debris and "scattered tools and materials * * * insofar as may be consistent with the work being performed." The plaintiff was employed as an electrician, and, as part of her job, she was required to pull certain cable

through a ceiling, cut the cable from a spool once it had been completely pulled through the ceiling, and affix the cable to the ceiling. At the time of the accident, the plaintiff was descending a ladder after installing the cable. She tripped over a six-inch piece of cable, the type with which she was working. The regulation relied upon by the plaintiff does not apply where, as here, "the object on which [the] plaintiff tripped * * * was an integral part of the work [she] was performing" (*Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [internal quotation marks omitted]). Accordingly, that branch of the motion seeking to dismiss the plaintiff's cause of action pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (e) (2) should have been granted.

Moreover, the Supreme Court erred in denying those branches of the defendants' motion which were to dismiss the plaintiff's common-law negligence cause of action and cause of action pursuant to Labor Law § 200. There was no evidence in the record that the defendants had actual or constructive notice of the existence of the condition which allegedly caused the plaintiff to trip (*see Gordon v American Museum of Natural History,* 67 NY2d 836). Thus, the plaintiff's common-law negligence cause of action and cause of action pursuant to Labor Law § 200 should have been dismissed. O'Brien, J.P., Krausman, Townes and Rivera, JJ., concur.