■ MILAN HANDLOVIC, Respondent, v BEDFORD PARK DEVELOPMENT, INC., Defendant, and WEST 26TH CORP. et al., Appellants. (And a Third-Party Action.) [811 NYS2d 677]—

In an action to recover damages for personal injuries, the defendants West 26th Corp. and Amoco Construction Corp. appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated September 22, 2004, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and granted the plaintiff's cross motion for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

Labor Law § 240 (1) requires contractors and owners to provide workers with appropriate safety devices to protect against the special hazards that arise when the work site either is itself elevated, or is positioned below the level at which materials or loads must be positioned or secured (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Here, the record demonstrates that the plaintiff's accident was not caused by an elevation-related risk within the contemplated scope of Labor Law § 240 (1) (*see Plotnick v Wok's Kitchen Inc.*, 21 AD3d 358 [2005]; *Scarso v M.G. Gen. Constr. Corp.*, 16 AD3d 660 [2005]; *Cundy v New York State Elec. & Gas Corp.*, 273 AD2d 743 [2000]; *Francis v Aluminum Co. of Am.*, 240 AD2d 985 [1997]). Accordingly, the Supreme Court should have

granted that branch of the appellants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and denied the plaintiff's cross motion for summary judgment on that claim.

Furthermore, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). In order to recover on a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards (*see Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 503-505). In response to the appellants' prima facie showing of their entitlement to summary judgment dismissing the Labor Law § 241 (6) claim insofar as asserted against them, the plaintiff failed to raise a triable issue of fact as to whether the appellants violated any applicable regulatory provisions setting forth specific safety standards.

Finally, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the plaintiff's cause of action alleging a violation of Labor Law § 200 insofar as asserted against them. The appellants made a prima facie showing of their entitlement to summary judgment dismissing the Labor Law § 200 claim and the plaintiff failed to raise a triable issue of fact in opposition thereto (*see Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343 [1998]). Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.