■ CHRISTOPHER J. HARRIS, Respondent, v ARNELL CONSTRUCTION CORPORATION, Appellant. [850 NYS2d 547]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated December 4, 2006, which, in effect, granted the plaintiff's motion for summary judgment on the issue of liability on his causes of action alleging common-law negligence and violation of Labor Law §§ 200 and 241 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his causes of action to recover damages for common-law negligence and pursuant to Labor Law § 200 and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability under Labor Law § 241 (6) by showing that he was engaged in a covered activity when he was injured; that there were violations of the relevant Industrial Code sections (see 12 NYCRR 23-1.13 [b] [3], [4]); and that such violations were a proximate cause of his injury (see Blair v Cristani, 296 AD2d 471, 472 [2002]; Beckford v 40th St. Assoc. [NY Partnership], 287 AD2d 586, 587 [2001]; cf. Handlovic v Bedford Park Dev., Inc., 25 AD3d 653, 654 [2006]). Contrary to the defendant's contention in opposition, it failed to raise a triable issue of fact as to whether or not the plaintiff was acting outside the scope of his employment or was comparatively negligent (see Long v Forest-Fehlhaber, 55 NY2d 154, 161 [1982]). Accordingly, summary judgment was properly granted as to that branch of the plaintiff's motion (see generally Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348-350 [1998]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-504 [1993]).

However, with respect to the plaintiff's causes of action alleging common-law negligence and violation of Labor Law § 200, the plaintiff failed to establish prima facie his entitlement to summary judgment. He failed to support his theory of liability based on the means and manner of the work he was performing with proof that the defendant had authority to supervise or control his work and failed to support his additional theory of

liability based on a hazard or defect on the premises with proof that the defendant had actual or constructive notice of such a defect (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]). Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.