■ EDMUNDO CATARINO et al., Respondents, v STATE OF NEW YORK, Appellant. [866 NYS2d 161]—

Order of the Court of Claims of the State of New York (S. Michael Nadel, J.), entered June 4, 2007, which denied the State's motion for summary judgment and granted claimants' motion for partial summary judgment on liability, unanimously affirmed, without costs.

Claimant laborer was injured on a state-owned construction site and asserts a claim under Labor Law § 241 (6), premised on a violation of Industrial Code (12 NYCRR) § 23-8.1 (f) (5), which provides that "[m]obile cranes, tower cranes and derricks shall not hoist, lower, swing or travel while any person is located on the load or hook." He testified that he was standing on top of a concrete box that had been unloaded from a flatbed truck to the ground by a crane. As he put his right hand on the cables between the hook and the cable block for balance, using his left hand to disconnect the crane's hook from the cables affixed to the box, the crane operator, without warning, started reeling in the cable. Claimant's right hand was pulled into the cable block and crushed.

The State moved for summary judgment on the ground that section 23-8.1 (f) (5) was inapplicable because the concrete box or load was not in motion at the time of the accident. However, the language of the regulation is not limited to situations where a person is on the load while the load itself is being moved. The regulation also prohibits using the crane while a person is physically on the load. As claimant was injured when the crane was operated while he was on the load, section 23-8.1 (f) (5) is clearly implicated.

The State also argues that the court erred in granting partial summary judgment on liability to claimant because there are triable issues of fact concerning proximate cause, comparative negligence, and whether reasonable safety measures were

employed by the contractor. Violation of an administrative regulation promulgated pursuant to statute is simply some evidence of negligence. The owner or contractor may raise any valid defense to the imposition of vicarious liability under Labor Law § 241 (6), including contributory and comparative negligence (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350 [1998]). Although the defenses of reasonable safety measures, proximate cause and comparative negligence were raised, the State failed to present evidentiary proof sufficient to present a triable issue of fact in response to claimant's prima facie demonstration of entitlement to judgment as a matter of law. Concur—Tom, J.P., Saxe, Williams, Catterson and Moskowitz, JJ.