■ BALLA TOUNKARA, Appellant-Respondent, v ANTHONY FERNICOLA et al., Respondents. (And a Third-Party Action.) ANTHONY FERNICOLA et al., Second Third-Party Plaintiffs-Respondents, v MT. MORIAH, INC., et al., Second Third-Party Defendants-Respondents-Appellants. [914 NYS2d 161]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered June 30, 2009, which denied plaintiff's motion for summary judgment on his Labor Law § 240 (1) and § 241 (6) claims and denied the cross motion by second third-party defendants for summary judgment dismissing the claims against them, unanimously modified, on the law, plaintiff's motion granted with respect to his section 240 (1) and section 241 (6) claims, and otherwise affirmed, without costs.

Plaintiff made a prima facie showing of defendants' liability under section 240 (1) by asserting that defendants failed to provide him with an adequate safety device, and that such failure was a proximate cause of the accident. In opposition, defendants failed to raise a triable issue of fact as to whether the absence of such a device, or plaintiff's own acts or omissions, constituted the sole proximate cause of the accident (*see Campuzano v Board of Educ. of City of N.Y.*, 54 AD3d 268 [2008]). Even if plaintiff knew that appropriate safety devices were "readily available" (albeit not in the immediate vicinity of the accident), there is no evidence that plaintiff "knew he was expected to use" the safety devices for the assigned task. There is no evidence that plaintiff received any instructions on how to perform the task, including directions to use any specified safety devices. Nor is there evidence of any "standing order" conveyed to workers, directing them to use safety devices in performing such a task (*see Gallagher v New York Post*, 14 NY3d 83, 88 [2010]). Accordingly, plaintiff was entitled to summary judgment on his section 240 (1) claim.

Additionally, in the absence of any showing by defendant that the safety devices were adequate protection for the task, defendant failed to satisfy its burden to present evidence sufficient to raise a triable issue of fact as to its comparative negligence defense to plaintiff's section 241 (6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7 (b) (1) with regard to "hazardous openings" (*see generally Olshewitz v City of New York*, 59 AD3d 309 [2009]; *Catarino v State of New York*, 55 AD3d 467 [2008]). Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.