■ RICHARD BROWNRIGG, Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [990 NYS2d 34]—

In an action to recover damages for personal injuries, (1) the defendant appeals from a judgment of the Supreme Court, Kings County (Silber, J.), entered July 10, 2012, which, upon a jury

verdict on the issue of liability finding that the defendant violated Labor Law §§ 200 and 241 (6), upon an order of the same court dated January 12, 2012, denying its motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the verdict as contrary to the weight of the evidence, and upon a jury verdict on the issue of damages awarding the plaintiff the principal sum of $660,000, is in favor of the plaintiff and against it in the principal sum of $655,458.59, representing the net present value of the award, plus prejudgment interest in the amount of $218,824.10 from March 5, 2004, calculated at the rate of 4% per annum, and costs and disbursements in the amount of $1,360, for a total award of $875,642.69, and the plaintiff cross-appeals from so much of the same judgment as, in effect, is in favor of the defendant and against him dismissing the cause of action alleging a violation of Labor Law § 241-a, and (2) the defendant appeals from an order of the same court dated September 27, 2012, which denied its motion to modify the judgment so as to award the plaintiff prejudgment interest only from May 24, 2011.

Ordered that the cross appeal from the judgment and the appeal from the order dated September 27, 2012, are dismissed as academic in light of our determination on the appeal from the judgment; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding prejudgment interest to the plaintiff at the rate of 4% per annum from March 5, 2004, and substituting therefor a provision awarding prejudgment interest to the plaintiff at the rate of 4% per annum from May 24, 2011; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the recalculation of prejudgment interest in accordance herewith, and the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

This is the third time that this case has come before this Court. On the first appeal by the defendant, New York City Housing Authority, this Court reversed a judgment entered upon a decision of the trial court (Douglas, J.), made on the eve of trial, concluding that the plaintiff was entitled to summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241-a, and upon a jury verdict on the issue of damages. This Court, however, affirmed the jury's findings of fact on the issue of damages, and remitted the matter to the Supreme Court, Kings County, for a trial on the issue of li-

ability (*see Brownrigg v New York City Hous. Auth.*, 29 AD3d 721 [2006]). On the second appeal, this Court reversed a judgment entered upon a decision of the trial court (Vaughan, J.), made during that trial on the issue of liability, concluding that a verdict should be directed in favor of the plaintiff on the cause of action alleging a violation of Labor Law § 241-a (*see Brownrigg v New York City Hous. Auth.*, 70 AD3d 619 [2010]). The case now comes before us on the defendant's appeal from a judgment, entered upon a jury verdict at the third trial, which was on the issue of liability only, finding that the defendant violated Labor Law §§ 200 and 241 (6), as well as upon the existing jury verdict on the issue of damages.

The plaintiff and his coworker, both elevator mechanics, were repairing one of two elevators sharing a common shaftway in a building, while the other elevator remained in operation. Upon returning to the elevators after making a telephone call, the plaintiff summoned the operational elevator, stepped part of the way into it, looked up into the shaftway, and called out to his coworker, who was on top of the cab of the elevator being repaired, to ask on which floor the coworker was working. As the coworker turned to answer, he knocked a tool off the top of that elevator's cab and the tool fell, injuring the plaintiff's right eye. The plaintiff commenced this personal injury action against the defendant, the owner of the building, alleging, inter alia, violations of Labor Law §§ 200, 241 (6) and 241-a.

At the third trial, which was conducted on the issue of liability only, the plaintiff proceeded primarily on the theory that the defendant's failure to install a vertical barrier between the two elevators sharing the shaftway in which he was working constituted violations of Labor Law §§ 200 and 241 (6), and that those violations proximately caused his injury. All witnesses who could recall the appearance and condition of the shaftway agreed that there was no vertical barrier in place at the time of the accident. On May 24, 2011, the jury rendered a verdict on the issue of liability, finding that the defendant violated Labor Law §§ 200 and 241 (6). In an order dated January 12, 2012, the Supreme Court denied the defendant's motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court thereafter entered judgment in favor of the plaintiff which, among other things, awarded the plaintiff prejudgment interest from March 5, 2004, the date of the jury verdict on the issue of damages.

To be held liable pursuant to Labor Law § 200 in a case such

as this, where the claim arises out of the methods or means of the work, a defendant must have had authority to supervise or control the work (*see Gallagher v Resnick*, 107 AD3d 942, 945 [2013]; *Szczepanski v Dandrea Constr. Corp.*, 90 AD3d 642, 644 [2011]; *Rodriguez v Gany*, 82 AD3d 863, 865 [2011]; *Rojas v Schwartz*, 74 AD3d 1046, 1046-1047 [2010]; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Thus, on that branch of its motion pursuant to CPLR 4404 (a) which was to set aside the verdict and for judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 200, the defendant was required to demonstrate that there was no valid line of reasoning by which the jury could have concluded that it had the authority to supervise or control the work (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Lazier v Strickland Ave. Corp.*, 50 AD3d 641, 642 [2008]; *Capolino v Judlau Contr., Inc.*, 46 AD3d 733 [2007]; *Aloi v Structure-Tone, Inc.*, 2 AD3d 375, 376 [2003]). Contrary to the defendant's contention, the verdict finding that the defendant violated Labor Law § 200, reflecting the jury's determination that the defendant had the authority to supervise or control the work, was supported by a valid line of reasoning. In addition, on that branch of its motion pursuant to CPLR 4404 (a) which was to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability in connection with the cause of action alleging a violation of Labor Law § 200, the defendant was required to show that the evidence so preponderated in its favor that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Contrary to the defendant's contention, a fair interpretation of the evidence supported the jury's finding that the defendant had the authority to supervise or control the work.

Labor Law § 241 (6) "imposes a *nondelegable* duty of reasonable care upon owners and contractors 'to provide reasonable and adequate protection and safety' to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998], quoting Labor Law § 241 [6]). Section 23-2.5 (b) (3) of the Industrial Code requires that "[w]here any elevator is being installed, repaired or replaced and persons are working in the shaft, a solid or wire mesh partition shall be provided where necessary to prevent such persons from contacting any adjacent operable elevator or counterweight" (12 NYCRR 23-2.5 [b] [3]). "The Industrial Code should be sensibly interpreted and applied to effectuate its purpose of protecting construction laborers against hazards in the workplace" (*St. Louis v Town of N. Elba*, 16 NY3d 411, 416 [2011]).

It is undisputed that no solid or wire mesh was provided in this instance, and that, had such mesh been provided, the plaintiff would have been protected from the hazard presented by tools falling down the elevator shaft. Consequently, contrary to the defendant's contentions, both a valid line of reasoning and a fair interpretation of the evidence supported the jury's finding that the defendant violated Labor Law § 241 (6).

Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.

The Supreme Court, erred, however, in computing prejudgment interest from March 5, 2004, the date of the jury verdict on the issue of damages, because liability was not established at that time (*see Love v State of New York*, 78 NY2d 540, 544 [1991]). As set forth by the defendant in its proposed counterjudgment, the Supreme Court should have computed the prejudgment interest from May 24, 2011, the date that liability was determined by the jury (*see id.*; *see also Grobman v Chernoff*, 15 NY3d 525, 528-529 [2010]).

The defendant's remaining contention is without merit.

In light of our determination, we do not reach the plaintiff's contentions, raised on his cross appeal from the judgment, concerning the dismissal of the cause of action alleging a violation of Labor Law § 241-a. Rivera, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.