■ RAFAEL D. LOPEZ, Respondent, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Appellants. [999 NYS2d 848]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Knipel, J.), entered February 27, 2013, which, upon an order of the same court (Rothenberg, J.) dated October 28, 2010, inter alia, granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6), and, in effect, denying those branches of their motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6), and upon a jury verdict in favor of the plaintiff and against them on the issue of damages awarding the plaintiff the principal sums of $2,000,000 for past pain and suffering, $123,519 for past lost income, $162,927.67 for past medical expenses, $3,000,000 for future pain and suffering, $400,000 for future lost income, and $1,107,434.50 for future medical expenses, and upon an order of the same court (Knipel, J.) dated July 31, 2012, inter alia, granting that branch of their motion which was pursuant to CPLR 4404 (a) for a new trial on the issue of damages for future pain and suffering unless the plaintiff stipulated to reduce the award for future pain and suffering from the principal sum of $3,000,000 to the principal sum of $1,500,000, and denying those branches of their motion pursuant to CPLR 4404 (a) which were for a new trial on the issue of comparative negligence and to set aside as excessive so much of the jury verdict as awarded the plaintiff the principal sums of $2,000,000 for past pain and suffering and $3,000,000 for future pain and suffering, and upon the plaintiff's stipulation to reduce the award for future pain and suffering from the principal sum of $3,000,000 to the principal sum of $1,500,000, is in favor of the plaintiff and against them in the principal sums of $2,000,000 for past

pain and suffering, $123,519 for past lost income, $162,927.67 for past medical expenses, $1,500,000 for future pain and suffering, $400,000 for future lost income, and $1,107,434.50 for future medical expenses.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff the principal sum of $1,500,000 for future pain and suffering; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside so much of the jury verdict as awarded the plaintiff the principal sum of $3,000,000 for future pain and suffering is denied, so much of the jury verdict as awarded the plaintiff the principal sum of $3,000,000 for future pain and suffering is reinstated, the order dated July 31, 2012, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

The plaintiff was injured when he fell backward and was impaled by an uncapped piece of a vertical rebar while working on the construction of an electrical building at the Newtown Creek Wastewater Treatment Plant. The facility was owned by the City of New York and managed by the New York City Department of Environmental Protection (hereinafter the defendants). The rebar that impaled the plaintiff's body caused extensive injuries, which necessitated multiple hospitalizations and several surgical procedures. The plaintiff also sustained a herniated disc and underwent spinal fusion surgery, physical therapy, and injections to alleviate pain. The plaintiff's experts opined, inter alia, that as a result of the accident, the plaintiff's physical condition would continue to deteriorate, that he was expected to need additional surgery, and that he would require ongoing treatment for the rest of his life.

Labor Law § 241 (6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348 [1998]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]; Brown-rigg v New York City Hous. Auth., 119 AD3d 504 [2014]). The provision requires owners and contractors to comply with specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (see Misicki v Caradonna, 12 NY3d 511, 515 [2009]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505). The particular safety rule or regulation relied

upon by a plaintiff must mandate compliance with concrete specifications, and not simply set forth general safety standards (*see Misicki v Caradonna*, 12 NY3d at 515; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 504-505). Comparative negligence is a valid defense to a Labor Law § 241 (6) cause of action (*see Misicki v Caradonna*, 12 NY3d at 515; *Long v Forest-Fehlhaber*, 55 NY2d 154, 161 [1982]; *Riffo-Velozo v Village of Scarsdale*, 68 AD3d 839 [2009]).

Here, the cause of action alleging a violation of Labor Law § 241 (6) was predicated on Industrial Code (12 NYCRR) § 23-1.7 (e) (2), which provides that "floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed" (12 NYCRR 23-1.7 [e] [2]). Industrial Code (12 NYCRR) § 23-1.7 (e) (2) is sufficiently specific to support a cause of action to recover damages pursuant to Labor Law § 241 (6) (*see White v Village of Port Chester*, 92 AD3d 872, 877 [2012]; *Lane v Fratello Constr. Co.*, 52 AD3d 575, 576 [2008]). However, it has no application where the object that caused the plaintiff's injury was an integral part of the work being performed (*see Castillo v Starrett City*, 4 AD3d 320, 322 [2004]; *Harvey v Morse Diesel Intl.*, 299 AD2d 451, 452-453 [2002]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [2001]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) by showing that there was a violation of 12 NYCRR 23-1.7 (e) (2) and that such violation was a proximate cause of his injuries (*see generally Melchor v Singh*, 90 AD3d 866 [2011]; *Harris v Arnell Constr. Corp.*, 47 AD3d 768 [2008]). In opposition, the defendants failed to raise a triable issue of fact as to their allegation that the uncapped rebar was an integral part of the work that was not subject to the cited regulation (*see Ortiz v 164 Atl. Ave., LLC*, 77 AD3d 807 [2010]; *cf. Flynn v 835 6th Ave. Master L.P.*, 107 AD3d 614 [2013]; *Tucker v Tishman Constr. Corp. of N.Y.*, 36 AD3d 417 [2007]), or as to whether the plaintiff's own negligence contributed to the accident (*see Tounkara v Fernicola*, 80 AD3d 470 [2011]; *Catarino v State of New York*, 55 AD3d 467 [2008]; *cf. Riffo-Velozo v Village of Scarsdale*, 68 AD3d 839 [2009]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 241 (6) cause of action predicated on 12 NYCRR 23-1.7 (e) (2), and, in effect, properly denied that branch of the defendants' motion

which was for summary judgment dismissing that cause of action.

With respect to damages, we note that, although the plaintiff is a respondent on this appeal, his stipulation to accept the trial court's reduction of the jury's damage award for future pain and suffering "entitles him to request full or partial reinstatement up to the sum voted by the jury" (*Papa v City of New York*, 194 AD2d 527, 532 [1993]; *see* CPLR 5501 [a] [5]; *Nunez v City of New York*, 85 AD3d 885, 887 [2011]; *Rumph v Gotham Ford*, 44 AD2d 792, 792-793 [1974]; *Schliessman v Anderson*, 31 AD2d 367, 369 [1969]). Considering the nature and extent of the injuries sustained by the plaintiff, the jury's award of $2,000,000 for past pain and suffering did not deviate materially from what would be reasonable compensation, and for similar reasons, the jury's award of $3,000,000 for future pain and suffering should be reinstated (*see Kayes v Liberati*, 104 AD3d 739 [2013]; *Hernandez v Ten Ten Co.*, 102 AD3d 431 [2013]; *Hernandez v New York City Tr. Auth.*, 52 AD3d 367 [2008]).

The defendants' appeal from the judgment, which is in favor of the plaintiff and against them, does not bring up for review so much of an order dated October 28, 2010, as granted that branch of the motion of the former defendant Navillus Contracting, Inc., which was for summary judgment dismissing the defendants' cross claims insofar as asserted against it and, in effect, denied that branch of the defendants' motion which was for summary judgment on those cross claims (*see* CPLR 5501 [a] [1]; *Siegmund Strauss, Inc. v East 149th Realty Corp.*, 20 NY3d 37, 42 [2012]).

In light of our determination, the parties' remaining contentions have been rendered academic. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.