■ TIMOTHY NERNEY et al., Appellants, v 1 WORLD TRADE CENTER LLC et al., Respondents. [33 NYS3d 243]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered December 8, 2015, which denied plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff made a prima facie showing that his accident was proximately caused by the absence of safety devices affording adequate protection from the elevation-related risks he faced while hoisting a guiderail in an elevator shaft using a rope and pulley system. Plaintiff testified that he followed the normal procedure of adding slack to the rope in an attempt to free the rail from an obstruction, when he lost control of the rope, and his leg became entangled in coiled rope on the platform where he was working. The rope then lifted and dropped his leg, causing injuries.

Plaintiff established that a receptacle in which to place the coiled rope could have prevented the accident by allowing him to keep the rope separate from himself. Defendants unavailingly argue that such a device was available and plaintiff chose not to use it, instead coiling the rope on the platform where he was working. Defendants acknowledge that either method was permitted, and "[t]here is no evidence that plaintiff received any . . . directions to use" a receptacle to store the coiled rope (*Tounkara v Fernicola*, 80 AD3d 470, 471 [1st Dept 2011]; *see Gallagher v New York Post*, 14 NY3d 83, 88 [2010]).

Plaintiff's testimony also showed that a device with a locking or braking mechanism should have been installed to prevent the rope from losing control, and defendants' contention that failure to provide an appropriate safety device was not practicable under the circumstances presented is not convincing (*see Zimmer v Chemung County Performing Arts*, 65

NY2d 513, 523-524 [1985]; *Pichardo v Urban Renaissance Collaboration Ltd. Partnership*, 51 AD3d 472 [1st Dept 2008]).

Defendants did not raise triable issues of fact by submitting affidavits of two experts who found it improbable or impossible for the accident to have occurred as plaintiff testified and speculating about how the accident might have happened. In light of the lack of safety devices provided, plaintiff is entitled to recovery under any version of the accident (*see Lipari v AT Spring, LLC*, 92 AD3d 502, 504 [1st Dept 2012]; *Wise v 141 McDonald Ave.*, 297 AD2d 515, 516-517 [1st Dept 2002]). Finally, that plaintiff was the only direct witness to the accident does not preclude an award of partial summary judgment (*see Marrero v 2075 Holding Co. LLC*, 106 AD3d 408, 410 [1st Dept 2013]). Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.