Tompkins v Turner Constr. Co. (2023 NY Slip Op 05631)

Tompkins v Turner Constr. Co.

2023 NY Slip Op 05631

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2021-00221
 (Index No. 600862/15)

[*1]Thomas Tompkins, appellant, 
v
Turner Construction Company, et al., respondents.

Dell & Dean, PLLC, Garden City, NY (Joseph G. Dell and Michel & Horn, P.C. [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Malapero Prisco & Klauber LLP, New York, NY (Mark A. Bethmann and Tracy L. Frankel of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), entered December 31, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6).
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) is granted.
The plaintiff was working as a carpenter on a construction project when he tripped and fell on a raised or bowed piece of Masonite board while carrying materials along a walkway. The plaintiff subsequently commenced this personal injury action against the lessee of the premises, the defendant Conde Nast, and the general contractor on the project, the defendant Turner Construction Company, alleging, inter alia, a violation of Labor Law § 241(6). After discovery, the plaintiff moved for summary judgment on the issue of liability on that cause of action. By order entered December 31, 2020, the Supreme Court denied the motion, and the plaintiff appeals.
Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to workers by complying with specific safety rules and regulations set out in the Industrial Code (12 NYCRR) (see Misicki v Caradonna, 12 NY3d 511; Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983). "To succeed on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident" (Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364). The plaintiff here relies upon 12 NYCRR 23-1.7(e)(1), which provides, in pertinent part, that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping."
The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) by [*2]tendering evidence establishing that while performing construction work, he fell over a tripping hazard in a passageway (see Aragona v State of New York, 147 AD3d 808, 809), in the form of a raised or bowed piece of Masonite board, and that this unsafe condition was the proximate cause of his injuries (see Lopez v New York City Dept. of Envtl. Protection, 123 AD3d at 984).
In opposition, the defendants failed to raise a triable issue of fact as to whether a raised or bowed piece of Masonite board was an integral part of the construction (see Murphy v 80 Pine, LLC, 208 AD3d 492, 497; Lopez v New York City Dept. of Envtl. Protection, 123 AD3d at 984).
The defendants' remaining contentions are without merit.
Accordingly, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) should have been granted.
DUFFY, J.P., IANNACCI, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court