Anjos v Tappan Zee Constructors, LLC (2025 NY Slip Op 06602)

Anjos v Tappan Zee Constructors, LLC

2025 NY Slip Op 06602

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-05216
 (Index No. 705552/18)

[*1]Jose Dos Anjos, et al., appellants-respondents,
v
Tappan Zee Constructors, LLC, et al., respondents-appellants.

Siegel & Coonerty, LLP, New York, NY (Steven Aripotch and Michael Peters of counsel), for appellants-respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Danielle S. Tauber and Patrick Lawless of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Queens County (Joseph Risi, J.), dated March 8, 2024. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6). The order, insofar as cross-appealed from, denied the defendants' cross-motion for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
ORDERED that the order is reversed insofar as appealed from, on the law, and the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
On January 12, 2018, the plaintiff Jose Dos Anjos (hereinafter the injured plaintiff) allegedly sustained injuries while working at a construction site in Westchester County. The defendant Tappan Zee Constructors, LLC, which was hired as a "program manager" for the construction site, retained the defendant Andron Construction Corp. (hereinafter Andron) to act as the general contractor at the construction site. Andron hired D & J Concrete Corp., the injured plaintiff's employer, to perform concrete work at the construction site. At the time of the accident, the injured plaintiff was handling a power saw when he allegedly slipped and fell on rainwater that had accumulated on a plastic vapor barrier covering the floor of the site, thereby causing the saw to activate and cut his left forearm.
The injured plaintiff, and his wife suing derivatively, commenced this personal injury action, alleging, inter alia, common-law negligence, a violation of Labor Law § 200, and a violation of Labor Law § 241(6) predicated on a violation of 12 NYCRR 23-1.7(d). Thereafter, the plaintiffs [*2]moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6). The defendants opposed the plaintiffs' motion and cross-moved for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). In an order dated March 8, 2024, the Supreme Court denied the motion and the cross-motion. The plaintiffs appeal, and the defendants cross-appeal.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]; see Bravo v 609 W 56th St. Prop., LLC, 234 AD3d 735, 736; Wittenberg v Long Is. Power Auth., 225 AD3d 730, 733). "To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Wittenberg v Long Is. Power Auth., 225 AD3d at 733; see Medina v 1277 Holdings, LLC, 234 AD3d 839, 842; Bravo v 609 W 56th St. Prop., LLC, 234 AD3d at 736). Here, as a predicate for liability pursuant to Labor Law § 241(6), the plaintiffs alleged that the defendants violated 12 NYCRR 23-1.7(d). "12 NYCRR 23-1.7(d), which relates to slipping hazards, provides that '[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing'" (Bravo v 609 W 56th St. Prop., LLC, 234 AD3d at 736, quoting 12 NYCRR 23-1.7[d]; see Medina v 1277 Holdings, LLC, 234 AD3d at 842).
The Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6). The plaintiffs met their prima facie burden of establishing that the injured plaintiff's injuries were proximately caused by the defendants' violation of 12 NYCRR 23-1.7(d) by submitting a transcript of the injured plaintiff's deposition testimony in which he testified that, while he was handling the power saw, he slipped and fell when he stepped on rainwater that had accumulated on the plastic vapor barrier covering the floor (see Medina v 1277 Holdings, LLC, 234 AD3d at 840; Ennis v Noble Constr. Group, LLC, 207 AD3d 703, 705). In opposition, the defendants failed to raise a triable issue of fact as to whether the rainwater on the vapor barrier was an integral part of the injured plaintiff's work (see Tompkins v Turner Constr. Co., 221 AD3d 745, 746; Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 984), as there was no evidence that the rainwater on the vapor barrier was "inherent to the task at hand" (Bazdaric v Almah Partners LLC, 41 NY3d 310, 320). The defendants also failed to raise a triable issue of fact as to whether the injured plaintiff's actions were the sole proximate cause of his injuries (see Ochoa v JEM Real Estate Co., LLC, 223 AD3d 747, 749; Ortiz v 164 Atl. Ave., LLC, 77 AD3d 807, 810).
For similar reasons, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), since the defendants failed to demonstrate, prima facie, that 12 NYCRR 23-1.7(d) was inapplicable, not violated, or that the alleged violation was not a proximate cause of the injured plaintiff's injuries (see Toalongo v Almarwa Ctr., Inc., 202 AD3d 1128, 1132; Pereira v Hunt/Bovis Lend Lease Alliance II, 193 AD3d 1085, 1089).
"Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663; see Agosto v Museum of Modern Art, 219 AD3d 674, 676). "Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises where the work was being undertaken, a defendant moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 must make a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence" (Calle v City of New York, 212 AD3d 763, 765; see Agosto v Museum of Modern Art, 219 AD3d at 676).
Here, the defendants failed to demonstrate, prima facie, that they did not have actual or constructive notice of the allegedly dangerous condition on the premises (see Miller v R.L.T. [*3]Properties, Ltd., 206 AD3d 648, 650; Toalongo v Almarwa Ctr., Inc., 202 AD3d at 1131) or that the condition constituted an ordinary and obvious hazard of the injured plaintiff's employment (see Kolari v Whitestone Constr. Corp., 138 AD3d 1070, 1072). Since the defendants failed to meet their prima facie burden, the Supreme Court properly denied those branches of their cross-motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200, regardless of the sufficiency of plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court