| **Martinez v 1114 6th Ave. Owner LLC** |
|:---:|
| 2026 NY Slip Op 30703(U) |
| February 25, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 159829/2020 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. SABRINA KRAUS**                    PART               57M

                                    *Justice*

-------------------------------------------------------------------------------X

PHILLIP MARTINEZ,                                  INDEX NO.        159829/2020

                              Plaintiff,           MOTION DATE      01/27/2026

                 - v -                             MOTION SEQ. NO.     005

1114 6TH AVENUE OWNER LLC, WAGER CONTRACTING
CO., INC., BROOKFIELD ASSET MANAGEMENT LLC         **DECISION + ORDER ON**
                                                        **MOTION**
                              Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 146, 147, 148, 149, 150, 151, 152, 153, 154, 156, 179, 181, 182, 183, 184, 185, 186

were read on this motion to/for                    AMEND CAPTION/PLEADINGS          .

## BACKGROUND

Plaintiff commenced this action pursuant to a summons and complaint dated November 12, 2020, asserting a cause of action for negligence and seeking damages for personal injuries he alleges he suffered when working as a freight elevator operator in June 2018. Plaintiff was operating a freight elevator when unsecured metal beams which were being loaded or transported fell and hit him.

## PENDING MOTIONS

On February 27, 2026, Plaintiff moved by order to show cause for leave to amend the complaint to add a cause of action pursuant to Labor Law §200.

On February 25, 2026, the Court advised that the motion would be marked submitted and that the original return date of February 27th, 2026, for oral argument was cancelled.

The motion was marked submitted on February 25, 2026, and the Court reserved decision. For the reasons set forth below, the motion is denied in its entirety.

## ALLEGED FACTS

Plaintiff was employed by American Building Maintenance ("ABM") as a full-time freight operator. Plaintiff's duties included transporting individuals, moving people up and down via elevator, ensuring passenger safety, and preventing unauthorized access to the elevator. Plaintiff works Monday through Friday 5 am to 3 pm, and about twice a month does overtime on weekends. Plaintiff is a union member with 32 BJ and has been since 1987. Plaintiff has worked at 1114 6th Avenue ("'the Building") for over 30 years.

On the morning of June 12. 2018, Plaintiff was involved in an accident that took place at the loading dock at the Building. Workers were loading L Shaped beams onto the elevator. Plaintiff was standing about five feet outside the elevator. Plaintiff testified that the worker loading the beam were careless and one of the worker's dropped a beam which hit Plaintiff's arm. On the date of the accident, Plaintiff's supervisor was Cathy Collado, who was also an employee of ABM.

## DISCUSSION

### *Plaintiff's Motion to Amend Is Denied*

Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work (*Comes v. New York State Elec. & Gas Corp.*, 82 N.Y.2d 876, 877 (1993).

It is unclear to the Court why Plaintiff would seek to add this Labor Law Claim as he has already plead a claim for common law negligence which is broader than a Labor Law 200 Claim.

Cases involving Labor Law § 200 fall into two broad categories those where workers are injured as a result of dangerous or defective premises conditions at a worksite, and those involving the manner in which the work is performed. There is no allegation in this action of

[* 2]

defective premises conditions rather it appears Plaintiff is alleging negligent conduct in the transporting of the beams. When a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work (*see Rizzuto v. L.A. Wenger Contr. Co., Inc.,* 91 N.Y.2d 343, 352).

Assuming *arguendo* that as an elevator operator Plaintiff was engaged in demolition, construction, renovation, or alteration work, which is not at all clear, nor alleged by Plaintiff in the proposed amended pleading, there is no allegation in the pleadings that any party to this action had authority to supervise or control Plaintiff's work.

In order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents, a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent (*Daeira v Genting N.Y., LLC*, 173 AD3d 831, 834 [2019]; *see* Labor Law § 2 [5], [7]). There is no such allegation in Plaintiff's proposed amended pleading.

Additionally, it appears to the Court that Plaintiff conflates a cause of action under Labor Law 200 with a cause of action pursuant to Labor Law 241(6) as the proposed amended pleading provides:

> That on June 12, 2018, there existed Rule 23 of the Industrial Code of the State of New York. New York Industrial Code Rule 23 (12 NYCRR § 23-1.33) specifically protects bystanders, pedestrians, and the public passing by construction, demolition, or excavation operations. It mandates that owners and contractors provide reasonable and adequate protection, to ensure safety of those in proximity to the construction activities.

[* 3]

Labor Law § 241(6) imposes on owners and contractors a nondelegable duty to "provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" [*Lopez v. New York City Dept. of Envtl. Protection,* 123 A.D.3d 982, 983 (2nd Dept 2014). As a predicate to a section 241(6) cause of action, a plaintiff must allege a violation of a concrete specification promulgated by the Commissioner of the Department of Labor in the Industrial Code [*see Misicki v. Caradonna,* 12 N.Y.3d 511, 515 (2009); *Ross v. Curtis–Palmer Hydro–Elec. Co.,* 81 N.Y.2d 494, 505(1993)].

Pursuant to Labor Law Section 241(8), 12 NYCRR § 23-1.33 is not applicable to any city in the State of New York having a population of one million or more persons. The Court takes judicial notice of the fact that New York City has a population greater than one million people.

Additionally, the regulation relied, in addition to not being applicable to a cause of action under Labor Law 200, has been found to be a general safety standard that cannot be the basis for liability under Labor Law § 241(6), and is applicable only to persons passing by construction operations and not to workers. *See eg Campbell v. Cobblestone Rest. of Geneva, LLC*, 78 Misc. 3d 1216(A)(N.Y. Sup. Ct. 2023).

Based on all of the foregoing, the Court finds the proposed amendment to be palpably improper and the motion is denied in its entirety.

20260225144838SBKRAUS3B765751B12A4A608E25DA0D354EA40A

| 2/25/2026 | | | | SABRINA KRAUS, J.S.C. | |
|-----------|---|---|---|----------------------|---|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**159829/2020   MARTINEZ, PHILLIP vs. 1114 6TH AVENUE OWNER LLC**                          **Page 4 of 4**
**Motion No.  005**

[* 4]